UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| HUDSON FINANCIAL CORP. | ) | CASE NO.1:12CV2808 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| Vs. | ) | |
| | ) | |
| AUTOLIV ASP, INC. | ) | ORDER |
| | ) | |
| Defendant. | ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter is before the Court on Defendant Autoliv ASP, Inc.'s Motion to Dismiss for Improper Venue, or in the Alternative, Motion to Change/Transfer Venue (ECF # 22). For the following reasons, the Court grants, in part, Defendant's Motion and transfers the case to the United States District Court for the District of Arizona for further adjudication.

On November 9, 2012, Plaintiff Hudson Financial Corp. ("Hudson") filed its Complaint for Breach of Supplier Exit Agreement and Action on Account against Defendant Autoliv ASP, Inc. ("Autoliv"). According to the Complaint, Plaintiff seeks to recover monies as the assignee of debts owed by Autoliv to Red Rock pursuant to the Supplier Exit Agreement. Plaintiff contends Autoliv has breached the Supplier Exit Agreement by failing to pay Red Rock $481, 870.02 for unpaid invoices. Plaintiff attached the Supplier Exit

Agreement to its Complaint.  Section 4(e) of the Supplier Exit Agreement contains a forum selection clause which reads:

> The parties agree that the United States District Court for the District of Arizona shall have exclusive jurisdiction to determine all matters between them now or hereafter relating to this Agreement.

On July 10, 2013, Autoliv filed its Motion to Dismiss for Improper Venue or to Transfer Venue contending that the above forum selection clause confers exclusive jurisdiction solely on the District Court of Arizona.  Given the plain language of the forum selection clause that the District Court of Arizona has exclusive jurisdiction over any dispute over the Supplier Exit Agreement, Autoliv argues dismissal is appropriate under Fed. R. Civ. P. 12(b)(3) or 12(b)(6).

Autoliv argues in the alternative that, should the Court not be inclined to dismiss the above action, transfer is warranted 28 U.S.C. §1404 which reads:

> for the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented.

Autoliv argues that the plain language of the forum selection clause evidences the parties' intent to resolve disputes in Arizona.  Furthermore, there is no challenge to the forum selection clause's validity or enforceability.  Also, the parties involved were sophisticated commercial entities and the majority of relevant witnesses are located in Arizona and Arizona law governs the resolution of the case.

Hudson opposes Autoliv's Motion to Dismiss, contending that this Court has previously held that Rule 12(b)(6) is not an appropriate mechanism for challenging venue based upon a forum selection clause.  See *Lawson Steel Inc. v. All State Diversified Products,*

*Inc.,* 1:10CV1750 2010 WL 5150159 (N.D. Ohio Dec. 13, 2010).  Furthermore, Hudson contends Rule 12(b)(3) is also an inappropriate mechanism for dismissal under the Sixth Circuit case of *Wong v. Partygaming Ltd.*, 589 F.2d 821 (6th Cir. 2009).

Lastly, Hudson contends that transfer is inappropriate because a review of the relevant factors favors retaining jurisdiction in the Northern District of Ohio.

The United States Supreme Court recently issued a decision on the weight a district court should give a forum selection clause when considering dismissal or transfer.  In *Atlantic Marine Construction Co. Inc. v. United States District Court for the Western District of Texas*, *et al.,* 134 S. Ct. 538 (2013), the Supreme Court expressly rejected the argument that such a clause may be enforced by a Rule 12(b)(3) Motion to Dismiss.  ("Although a forum-selection clause does not render venue in a court "wrong" or "improper" under § 1406(a) or Rule 12(b)(3), the clause may be enforced through a motion to transfer under § 1404(a)...").  Thus, the proper mechanism for enforcing a forum selection clause is 28 U.S.C. § 1404(a).[1]

The Supreme Court further held "[w]hen a defendant files such a motion, we conclude, a district court should transfer the case unless extraordinary circumstances unrelated to the convenience of the parties clearly disfavor a transfer." *Id*. at 581.

The Court finds no such extraordinary circumstances are present and holds transfer is appropriate pursuant to *Atlantic Marine*.  First, the parties do not dispute the validity or enforceability of the forum selection clause.  Second, Defendant does not challenge Plaintiff's

---

[1] The Supreme Court in *Atlantic Marine* declined to address whether a Rule 12(b)(6) motion is an appropriate mechanism for dismissal in light of a forum selection clause.  While there is split authority on this issue, the Court sees no reason to depart from its prior holding in *Lawson Steel* that 12(b)(6) is not an appropriate mechanism.

assertion that this Court has personal jurisdiction over Autoliv because of its contacts and activities within the State of Ohio. While Autoliv does contend venue in this Court is improper, its sole argument on the issue is the exclusivity of the forum selection clause language. Autoliv does not argue venue is otherwise improper with this Court by disputing Plaintiff's contention that a substantial part of the events or omissions occurred in this district.[2]  Therefore, the Court finds venue is proper in this Court.

However, if venue is proper in the Court where the action is filed, yet a forum selection clause agrees the action should be filed in another federal forum, then a transfer under § 1404 is the correct mechanism. When a valid and enforceable forum selection clause evidences the parties' intent to bring an action in a particular federal district, the forum selection clause must be given "controlling weight in all but the most exceptional circumstances." *Atlantic Marine* at 581.  "Only under extraordinary circumstances unrelated to the convenience of the parties should a § 1404a motion be denied." *Id.*

The Supreme Court considered the usual analysis of a § 1404 motion to transfer.

> In the typical case not involving a forum-selection clause, a district court considering a § 1404(a) motion (or a *forum non conveniens* motion) must evaluate both the convenience of the parties and various public-interest considerations.  Ordinarily, the district court would weigh the relevant factors and decide whether, on balance, a transfer would serve "the convenience of parties and witnesses" and otherwise promote "the interest of justice." §1404(a).

*Id.*

In *Stewart Organization, Inc. v. Ricoh Corp.,* 487 U.S. 22, (1988), the Supreme Court

---

[2] Venue must be proper in the transferor court in order to exercise the transfer option of § 1404.

outlined the following factors for courts to consider:

> 1) the convenience of parties;
> 2) the fairness of the transfer in light of the forum selection clause;
> 3) the relative bargaining power of the parties to the forum selection clause;
> 4) convenience of witnesses; and
> 5) public interest in systemic integrity and fairness

*Id.* at 29,30.

> The existence of a valid forum selection clause changes the above analysis.
>
> The calculus changes, however, when the parties' contract contains a valid forum-selection clause, which "represents the parties' agreement as to the most proper forum." (Internal citation omitted). The "enforcement of valid forum-selection clauses, bargained for by the parties, protects their legitimate expectations and furthers vital interests of the justice system." For that reason, and because the overarching consideration under § 1404(a) is whether a transfer would promote "the interest of justice," "a valid forum-selection clause [should be] given controlling weight in all but the most exceptional cases." (Internal citations omitted).

*Atlantic Marine*, at 581.

The Supreme Court described three ways the usual venue analysis changes when there exists a valid forum selection clause. First, plaintiff's choice of forum is accorded no weight because plaintiff is presumed to have expressed its desired forum in the forum selection clause. Second, courts cannot entertain arguments on the parties' private interests as those are now deemed to weigh "entirely" in favor of the choice of forum contained in the forum selection clause. Finally, the law of the state wherein the suit was filed, if different from the forum agreed to in a forum selection clause, will not follow the case upon transfer. *Id* at 581-82.

In light of the new analysis ordered by the Supreme Court in *Atlantic Marine*, the

Court finds the relevant factors militate strongly in favor of transfer. All private interest considerations such as convenience of parties and witnesses and fairness to the parties in light of the forum selection clause are deemed to favor transfer to the District Court of Arizona in light of *Atlantic Marine*. The parties are both sophisticated entities who will not be disadvantaged by the transfer. And the public interest of "having the trial in a forum that is at home with the state law that must govern the case" favors transfer since the Supplier Exit Agreement contains a choice of law clause wherein the parties agreed Arizona law would govern any disputes of the Agreement. *Braman v. Quizno's Franchise Co., LLC* Case No. 5:07CV2001, 2008 WL 611607 *6 (N.D. Ohio feb. 20, 2008) (citing *Gulf Oil Corp. V. Gilbert,* 330 U.S. 501, 508-509 (1947). Finally, as the *Braman* court stated, "the public has a strong interest in applying contracts as they are written." *Braman* at *7 citing *First Solar, LLC v. Rohwedder, Inc.,* No. 3:04CV7518, 2004 WL 2810105 (N.D.Ohio Dec. 8, 2004).

      Therefore, for the foregoing reasons, the Court grants, in part, Defendant's Motion and transfers the above action to the United States District Court for the District of Arizona.

      IT IS SO ORDERED.

                                s/ Christopher A. Boyko
                                CHRISTOPHER A. BOYKO
                                United States District Judge

Dated:  January 14, 2014